UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| Sky Cable, LLC, et als. | ) |
| Plaintiffs, | ) ) ) |
| v. | ) **Civil Action No.: 5:11-cv-00048-MFU** |
| Randy Coley, et als. | ) ) ) |
| Defendants. | ) |

**DEFENDANT DIRECTV'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, OR, IN THE ALTERNATIVE, TO TRANSFER FOR BINDING ARBITRATION**

**I. INTRODUCTION**

Defendant DIRECTV, Inc. ("DIRECTV") hereby moves this Court for an order dismissing plaintiffs Robert Saylor's and Sky Cable LLC's claims against DIRECTV, or, in the alternative, transferring those claims to the Central District of California for binding arbitration. A threshold issue in this litigation is whether the plaintiffs' claims against DIRECTV are subject to binding arbitration. As the parties' contract provides, "[a]ny dispute or disagreement arising between DIRECTV and [Sky Cable] shall be resolved according to binding arbitration conducted in Los Angeles, California." *See* Declaration of John H. Jamnback ("Jamnback Decl."), Ex. 1 at ¶ 5.9.

If the Court makes the threshold determination that the plaintiffs' claims against DIRECTV are not subject to binding arbitration, DIRECTV respectfully requests that the claims be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. If, however, the Court determines that plaintiffs' claims *are* subject to binding arbitration, DIRECTV respectfully requests that those claims be dismissed for improper venue or transferred to the Central District of California, where a court in that

Page 1

District may properly compel the parties to arbitrate the dispute in accordance with their contract.

## II. FACTUAL BACKGROUND

On November 14, 2011, plaintiffs Robert Saylor and Sky Cable, LLC (collectively "Sky Cable") filed an Amended Complaint against defendants Randy Coley, Kimberly Coley, and DIRECTV.  *See* Dkt. No. 59 ("Amended Complaint").  For purposes of this Motion only, the facts presented herein are taken from the allegations contained in Sky Cable's Amended Complaint.

**A.     Sky Cable's factual allegations.**

From about December 1998 until June 2011, Sky Cable was an authorized affiliate dealer for DIRECTV.  Amended Complaint ¶ 6.  As an affiliate dealer, Sky Cable solicited subscriptions for DIRECTV satellite television programming to certain commercial establishments and provided servicing and maintenance to those establishments as well as others.  *Id.*  In return for these services, Sky Cable received, among other remuneration, a commission fee based on the revenues generated from the sale of DIRECTV products and services.  *Id.*

In June 1999, defendant Randy Coley submitted fraudulent application documents to DIRECTV for authority to purchase commercial satellite television programming for and on behalf of Massanutten Resort ("Massanutten," or "the Resort"), a small resort community near Harrisonburg, Virginia.  *Id.* ¶ 41.  Coley's application to DIRECTV appeared to be signed by authorized representatives of the Resort, but in fact it was signed by Coley and his employees only.  *Id.*  Further, the application listed a billing address for the Resort that was actually a private post office box controlled by Coley.  *Id.*  In essence, Coley's fraudulent scheme involved (1) purchasing satellite television programming from DIRECTV and on behalf of the Resort; (2) fraudulently representing to DIRECTV that only 168 resort units would receive the DIRECTV programming; (3) paying DIRECTV, on

behalf of the Resort, for the value of the programming based on the incorrect number of units; (4) delivering the DIRECTV programming to *all* of the 750 or more units at the Resort; and (5) charging the Resort, on "behalf" of DIRECTV, for the full value of the programming and pocketing the difference. *Id.* ¶¶ 41-47. In other words, because of Coley's fraudulent scheme, DIRECTV believed that it had entered into a contract with the Resort, but the Resort was not aware of that contract; and, in turn, DIRECTV was not aware of the private agreement between Coley and the Resort. *Id.*

DIRECTV assigned the Massanutten account to Sky Cable, a regional affiliate for the area. *Id.* ¶ 46. At some point, Sky Cable became concerned about the number of units receiving the DIRECTV programming signal, as it believed that the actual number of units was significantly higher than the number Coley had reported to DIRECTV. *Id.* ¶ 48. And, because Sky Cable's commission fee was based on DIRECTV's revenue, Sky Cable stood to profit if DIRECTV billed the Resort for more units. *Id.* Sky Cable conducted an investigation at the Resort, and alleges that it discovered the nature of Coley's wrongful scheme. *Id.*

### B.     Sky Cable's Amended Complaint.

Sky Cable filed suit against a number of defendants, including both Coley and DIRECTV, alleging that Coley's fraudulent scheme—and DIRECTV's failure to detect it—wrongfully deprived Sky Cable of commissions that it should have received. *Id.* at ¶¶ 1-11. In its Amended Complaint, Sky Cable alleged several theories of liability against Coley under both federal law and state law, including access device fraud, business conspiracy, money laundering, and RICO violations. *Id.* at ¶¶ 81-145.

In addition to the charges against Coley, Sky Cable also alleged a single count against DIRECTV for a cause of action that Sky Cable refers to as "Breach of Contract and Negligence." *Id.* at ¶¶ 146-153. In support of this charge, Sky Cable claims that it had various "unwritten" contractual obligations to DIRECTV, such as ensuring that

DIRECTV's signal "was not being stolen, compromised or otherwise illegally used or retransmitted." *Id.* at ¶ 147. Sky Cable claims that DIRECTV had similar "contractual obligations with its content providers to insure [sic] the integrity of its signal and to actively prevent theft and misuse of its signal on behalf of said content providers." *Id.* at 148. Sky Cable alleges that it reported its suspicions to DIRECTV numerous times but that DIRECTV "did absolutely nothing and no investigation was ever forthcoming." *Id.* at ¶ 152. Thus, Sky Cable claims that it suffered "significant monetary and economic loss … as a direct and proximate result of the Defendant DIRECTV's negligence, breach of contract, and failure to act." *Id.* at ¶¶ 152-53.

**C.     The parties' contract.**

Although Sky Cable has attempted to assert a cause of action against DIRECTV for "Negligence and Breach of Contract," it has failed to identify any contractual provision that DIRECTV allegedly breached. Rather, Sky Cable alludes only to various "unwritten" contractual obligations, including DIRECTV's alleged obligation "to insure [sic] the integrity of its signal and to actively prevent theft and misuse of its signal on behalf of its content providers." *Id.* ¶ 148. Given Sky Cable's allegations against DIRECTV, it is appropriate for the Court to consider the contract when determining whether Sky Cable's claims should be dismissed.[1]

Most important for purposes of this litigation, the parties' contract contains a mandatory arbitration clause that states:

> Any dispute or disagreement arising between DIRECTV and Affiliate [Sky Cable] shall be resolved according to binding arbitration conducted in Los Angeles, California in accordance with the Expedited Procedures of the Commercial Arbitration Rules of the American Arbitration Association then in effect; provided, however, that the parties may seek injunctive relief in

---

[1] *See Davis v. George Mason University*, 395 F. Supp. 2d 331, 335 (E.D. Va. 2005) ("[W]hen a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment.").

any court of competent jurisdiction and may enforce the provisions of any arbitration award in any court of competent jurisdiction.

*Id.* at ¶ 5.9. The contract also contains a choice-of-law provision stating that the agreement "shall be construed in accordance with and be governed by the laws of the State of California, applicable to a contract made and to be performed entirely within the State of California, by residents of the State of California." *Id.* at ¶ 5.11.

### III. ARGUMENT

Sky Cable has alleged a single count against DIRECTV for "Breach of Contract and Negligence." *See* Amended Complaint at 32.[2] As set forth below, Sky Cable's claim (or claims) against DIRECTV should be dismissed for failure to state a claim or improper venue, or should be transferred to the Central District of California to compel binding arbitration pursuant to the parties' contract.

**A.   Sky Cable has failed to state a valid claim for either negligence or breach of contract.[3]**

On a Rule 12(b)(6) motion to dismiss, the court construes the complaint liberally, "accept[ing] all well-pled facts as true and constru[ing] these facts in the light most favorable to the plaintiff." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). To survive a motion to dismiss, however, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions,

---

[2] From the language in the Amended Complaint, it is difficult to determine whether Sky Cable has alleged a single count of negligent breach of contract or separate counts of breach of contract *and* negligence.

[3] Where a defendant moves to dismiss for failure to state a claim, or, in the alternative, to compel arbitration, the district court may first address the substantive motion to dismiss. *See, e.g., Sweater Bee By Banff, Ltd. v. Manhattan Industries, Inc.*,754 F.2d 457, 465 (2d Cir. 1985) ("The fact that a district court might have the option to refer a matter immediately to arbitration does not mean that it must exercise that option…. [By] eliminating some of the claims as a matter of law, the role of the arbitrator might be made more simple…"); *Assembly Tech. Inc. v. Samsung Techwin Co., Ltd.*, 2009 WL 4430020, at *2 n.2 (E.D. Penn. Nov. 16, 2009) (deferring ruling "on defendant's alternative motion to compel [arbitration] until after [addressing] its primary motion to dismiss").

and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible." *Iqbal*, 129 S.Ct. at 1952. And, as the Fourth Circuit has explained, mere "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet*, 591 F.3d at 255.

Here, it is entirely unclear from the language in the Amended Complaint whether Sky Cable is attempting to allege one or two claims against DIRECTV. *See* Amended Complaint at ¶¶ 146-53 ("Count 11: Breach of Contract and Negligence"). In an abundance of caution, DIRECTV will address both potential claims, as both of Sky Cable's possible claims (both breach of contract and negligence) fail as a matter of law.

### 1. Sky Cable has failed to state a valid claim for negligence.[4]

Under Virginia law, a negligence claim will not survive a motion to dismiss if the claim is merely a breach of contract claim recast as a tort. *See VA Timberline, LLC v. Land Management Group, Inc.*, 471 F. Supp. 2d 630 (E.D. Va. 2006) ("Multiple courts applying Virginia law have dismissed tort claims [for negligence] when the underlying cause of action is truly for breach of contract."). For example, in *Rossman v. Lazarus*, 2008 WL 4550791, at *6 (E.D. Va. Oct. 7, 2008), the plaintiff had alleged causes of action for both breach of contract and negligence. The court held that the negligence claim must be dismissed, however, because it was "merely a restatement of the breach of contract claim."

---

[4] A federal court exercising supplemental jurisdiction over state-law claims applies the choice-of-law analysis of the forum state. *See Terry v. June*, 420 F. Supp. 2d 493, 500 (W.D. Va. 2006) ("A federal court exercising … pendent jurisdiction over state law claims must apply the choice of law rules of the forum in determining which law governs those claims."). Under Virginia law, tort claims are governed by the law of the forum where the alleged tort took place. *See Ryder Truck Rental, Inc. v. UTF Carriers, Inc.*, 790 F. Supp. 637, 641 (W.D. Va. 1992) ("Because the forum is Virginia, if [the claim is] characterized as a tort claim, the doctrine of *lex loci delicti* applies and requires Virginia law to govern the matter because the alleged tort … took place in Virginia."). Here, Virginia law should apply to any claim for negligence (if there is one), as Sky Cable alleges that the events at issue took place in Virginia.

*Id.* As the court explained, the plaintiff's negligence claim was almost identical to the breach of contract claim, and even used "the same words, verbatim, that plaintiff uses to allege his breach of contract claim." *Id.* Accordingly, the court held that the claim was merely duplicative of the contract claim and must be dismissed. *Id.*

Like the claim for negligence in *Rossman*, Sky Cable's negligence claim uses "the same words, verbatim, that [it] uses to allege [its] breach of contract claim." Unlike the plaintiff in *Rossman*, however, Sky Cable's claims are so inextricable that it did not even bother to separate them into individual counts; instead, Sky Cable merely bundled them together into a single count alleging both breach of contract and negligence. *See* Amended Complaint ¶¶ 146-153. Thus, because Sky Cable's negligence claim arises out of the parties' contract, it is duplicative of the contract claim. Under Virginia law, this is insufficient to state a valid tort claim. *See Sherman v. Litton Loan Servicing, L.P.*, -- F. Supp. 2d --, 2011 WL 2634097, at *6 (E.D. Va. July 5, 2011) (dismissing negligence claim where plaintiff "merely re-cast his breach of contract claim, which itself is without merit, as a negligence action sounding in tort"). Assuming Sky Cable has alleged a claim for negligence, then, that claim should be dismissed.

### 2. Sky Cable has also failed to state a valid claim for breach of contract.[5]

"In an action for breach of a written contract, a plaintiff must allege the specific provisions in the contract creating the obligation the defendant is said to have breached." *See Young v. Facebook Inc.*, 790 F. Supp. 2d 1110, 1116-7 (N.D. Cal. 2011). In other words, a breach of contract claim will not survive a motion to dismiss if the plaintiff is

---

[5] For breach of contract claims, Virginia courts look to the contract, the place of contracting, and the terms of the contract to determine the applicable law. *See Ryder Truck*, 790 F. Supp. at 641. Here, the contract contains a choice-of-law provision stating that California law shall govern. *See* Jamnback Decl., Ex. 1 at ¶ 5.11. Regardless, the result is likely the same, as California law is substantively similar to Virginia law on this issue. *See, e.g., Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011) (applying California law) ("In an action for breach of a written contract, a plaintiff must allege the specific provisions in the contract creating the obligation the defendant is said to have breached."); *Rossman v. Lazarus*, 2008 WL 4181195, at *8 (E.D. Va. Sept. 3, 2008) (applying Virginia law) ("If plaintiff cannot even specify the contractual provision that he claims to have been breached, his claim for breach of contract cannot survive.").

unable to identify even the basic contractual provision that was allegedly breached. *See id.*; *see also Miron v. Herbalife Intern., Inc.*, 11 Fed. Appx. 927, 929 (9th Cir. 2001) (applying California law) ("The district court's dismissal of the [plaintiffs'] breach of contract claims was proper because the [plaintiffs] failed to allege any provision of the contract which supports their claim."). For example, one court applying California law dismissed a breach of contract claim where the plaintiff had "failed to identify with any particularity how [defendant] breached any obligation it undertook in its [contract]." *See Young*, 790 F. Supp. 2d at 1117.

Here, Sky Cable has failed to identify even a single contractual provision that DIRECTV allegedly breached. Although Sky Cable refers to various "unwritten" contractual obligations that the parties allegedly owed to one another, it wholly fails to explain what specific *written* contractual obligation DIRECTV allegedly breached or how it allegedly breached those obligations. Indeed, Sky Cable relies entirely on legal conclusions and bare factual assertions devoid of specificity. *See Twombly*, 550 U.S. at 555 (holding that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions"); *Nemet Chevrolet*, 591 F.3d at 255 (explaining that mere "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes"). Sky Cable's vague, conclusory allegations fail to state a valid claim for breach of contract and should be dismissed.

**B. Alternatively, the Court should dismiss Sky Cable's claims for improper venue or transfer to the Central District of California.**

Where the plaintiff alleges facts that involve interstate commerce, the Federal Arbitration Act ("FAA") may apply to the parties' dispute. *See* 9 U.S.C. § 1, *et seq.* "The FAA creates a heavy presumption of arbitrability, such that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration." *Pitchford v. Oakwood Mobile Homes, Inc.*, 124 F. Supp. 2d 958, 962 (W.D.

Va. 2000) (Michael, J.). "The judiciary has recognized that Congress, in enacting the FAA, expressed a preference in favor of arbitration, which the judiciary has enforced." *See id.*; *see also A&G Coal Corp. v. Integrity Coal Sales, Inc.*, 600 F. Supp. 2d 709, 716 (W.D. Va. 2009) ("Once the court finds that there is a valid agreement to arbitrate, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.").

There is a split in the Fourth Circuit, however, regarding whether a court may stay an action to compel arbitration in another judicial district. *See Am. Intern. Specialty Lines Ins. Co. v. A.T. Massey Coal Co., Inc.*, 628 F. Supp. 2d 674, 683 (E.D. Va. 2009) (describing split among courts and collecting cases). "The majority view holds that, where the parties have agreed to arbitrate in a particular forum, only a district court in that forum has the authority to compel arbitration under §4 of the FAA." *Id.* "In other words, under the majority position, a district court lacks authority to compel arbitration in other districts, or in its own district, if another [district] has been specified for arbitration." *Id.* Thus, venue is improper if the parties' contract calls for arbitration in a different judicial district; in that case, the forum court has discretion whether to dismiss the case or transfer it to the proper district. *See id.* at 685 ("[T]he Court can either dismiss the action or transfer it to a jurisdiction where venue is proper. This decision is left to the Court's discretion."); *see also Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-710 (4th Cir. 2001) ("Notwithstanding the terms of [the FAA], dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.").

Here, the parties' contract contains a broad arbitration clause, requiring that "[a]ny dispute or disagreement arising between DIRECTV and Affiliate [Sky Cable] shall be resolved according to binding arbitration conducted in Los Angeles, California." *See* Jamnback Decl., Ex. 1 at ¶ 5.9. Thus, there is little question that the arbitration clause applies to Sky Cable's claim(s) against DIRECTV, as those claims clearly constitute a dispute "arising between DIRECTV and [Sky Cable]." *See E.I. DuPont De Nemours & Co.*

*v. Ampthill Rayon Workers, Inc.,* 516 F. Supp. 2d 588 (E.D. Va. 2007) ("The presumption in favor of arbitrability … is strengthened when an arbitration clause is broadly written."). Venue is improper in this district, however, because DIRECTV and Sky Cable have agreed to resolve their dispute by binding arbitration in Los Angeles, California (located in the Central District of California). Accordingly, if the Court declines to dismiss Sky Cable's claims against DIRECTV for failing to state a claim, DIRECTV respectfully asks that the Court either dismiss such claims for improper venue or transfer them to the Central District of California, where a court in that District may properly enforce the arbitration clause between the parties. *See Am. Intern. Specialty Lines*, 628 F. Supp. 2d at 685 (exercising discretion to transfer case where contract called for arbitration in other district); *but see Choice Hotels*, 252 F.3d at 709-710 ("Notwithstanding the terms of [the FAA], dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.").

## IV. CONCLUSION

For the foregoing reasons, DIRECTV respectfully requests that the Court dismiss the claims against DIRECTV for failure to state a claim or improper venue, or, in the alternative, transfer those claims to the Central District of California so that a court in that District may properly compel arbitration pursuant to the parties' contract.

Dated this 14th day of December, 2011 at Seattle, Washington.

/s/ John H. Jamnback
John H. Jamnback (VSB #27818)
Yarmuth Wilsdon Calfo PLLC
818 Stewart Street, Suite 1400
Seattle, WA 98101
Tel: (206) 516-3800
Fax: (206) 516-3888

                         Robert H. Burger (VSB No. 43893)
                         Email:  rburger@williamsmullen.com
                         Robert E. Travers, IV (VSB No. 66021)
                         Email:  rtravers@williamsmullen.com
                         Williams Mullen, P.C.
                         222 Central Park Avenue, Ste. 1700
                         Virginia Beach, Virginia 23462
                         Tel: (757) 499-8800
                         Fax: (757) 473-0395
                         Attorneys for Defendant DIRECTV, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

**Sherwin J. Jacobs**　　　　　　　　　　　Attorney(s) for Plaintiffs

**Donald Hunt**　　　　　　　　　　　　　Attorney(s) for Defendants: Randy Coley
**Mellisa Michelson**　　　　　　　　　　　and Kimberly Coley

I declare under penalty of perjury under the laws of United States that the foregoing is true and correct.

　　　　　　　　　　　　　　　　　　　/s/ John H. Jamnback
　　　　　　　　　　　　　　　　　　　John H. Jamnback (VSB #27818)
　　　　　　　　　　　　　　　　　　　Yarmuth Wilsdon Calfo PLLC
　　　　　　　　　　　　　　　　　　　818 Stewart Street, Suite 1400
　　　　　　　　　　　　　　　　　　　Seattle, WA 98101
　　　　　　　　　　　　　　　　　　　Tel: (206) 516-3800
　　　　　　　　　　　　　　　　　　　Fax: (206) 516-3888