UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| SKY CABLE, LLC, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No.: 5:11-cv-00048-MFU |
| | ) |
| RANDY COLEY, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
DIRECTV, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT
FOR STATUTORY DAMAGES**

**Statement of the Case**

In a Memorandum Opinion dated July 11, 2013 (Document 203) the Court granted Cross-Claim Plaintiff DIRECTV, LLC ("DIRECTV") summary judgment on the company's First Cause of Action against Defendants Randy Coley and East Coast Cablevision, LLC ("the Coley Defendants") under the Federal Communications Act, 47 U.S.C. § 605(a) ("Communications Act"). The Court ordered that a jury must decide certain factual issues related to the Coley Defendants' statute of limitations defense as well as damages under 47 U.S.C. § 605(e)(3)(C).

At a pre-trial conference on July 26, 2013, DIRECTV argued that the Coley Defendants were not entitled to a jury trial because the company elected to seek unenhanced - or non-willful - statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)-subclause II in lieu of

1

actual damages under 47 U.S.C. § 605(e)(3)(C)(i)-subclause I or enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii). As the Court related in an Order dated July 29, 2013 (Document 208), "Randy Coley and East Coast Cablevision, LLC assert that they are entitled to have a jury determine the appropriate amount of damages within the statutory range of $1,000 to $10,000 per violation, as well as the number of § 605 violations that occurred in this case." In the same Order, the Court granted DIRECTV's request for leave to file a motion for summary judgment on the remaining damage issues.

On August 16, 2013, DIRECTV filed a Motion for Partial Summary Judgment for Statutory Damages under 47 U.S.C. § 605(e)(3)(C)(i) – Subclause II (Document 209), along with a supporting memorandum (Document 210).

The Coley Defendants now respond to DIRECTV's Motion for Partial Summary Judgment for Statutory Damages under 47 U.S.C. § 605(e)(3)(C)(i)(II).

## Argument

**I. SUMMARY JUDGMENT IS INAPPROPRIATE BECAUSE THE COLEY DEFENDANTS HAVE A CONSTITUTIONAL RIGHT TO A JURY TRIAL ON DIRECTV'S CLAIM FOR STATUTORY DAMAGES.**

During the Court's pre-trial scheduling conference on July 29, 2013, the Coley Defendants renewed their request for a jury trial on damages. DIRECTV opposed this request on the grounds that no right to a jury trial exists under 47 U.S.C. § 605(a) when the sole remaining issue is statutory damages. The Court, in its Order of July 29, 2013, noted the parties' respective positions on the jury trial question and granted DIRECTV leave to file a

motion for summary judgment. Order of July 29, 2013 (Document 208). DIRECTV does not squarely address the Coley Defendants' jury trial request in the company's Motion for Partial Summary Judgment for Statutory Damages (Document 209) and supporting memorandum (Document 210).

The Seventh Amendment to the United States Constitution guarantees trial by jury "in Suits at common law." U.S. Const. Amend. VII. Under the Seventh Amendment, the right to trial by jury applies "to actions enforcing statutory rights, . . . if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." Curtis v. Loether, 415 U.S. 189, 194 (1974). Actions for statutory damages, such as federal Copyright Act suits, must be resolved by juries under the Seventh Amendment because they are broadly analogous to claims for monetary relief at common law. Congressional silence on the subject of jury trials in the Copyright Act does not diminish a defendant's Seventh Amendment right to have a jury determine all issues related to statutory damages. Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 349 (1998) (holding that Copyright Act litigant has Seventh Amendment right to jury trial on all issues related to statutory damages because "actions seeking damages for infringement of common-law copyright, like actions seeking damages for invasions of other property rights, were tried in courts of law in actions on the case."); see City of Monterey v. Del Monte Dunes at Monterey, 526 U.S. 687, 709 (1999) (holding that 42 U.S.C. § 1983 affords right to jury trial because "just as common-law tort actions provide redress for interference with protected personal or property interests, § 1983 provides relief for invasions of rights protected under federal law.").

3

Applied here, these constitutional principles establish that the Coley Defendants are entitled to have a jury resolve DIRECTV's claim for statutory damages under the Communications Act. The statutory damage provisions in Section 47 U.S.C. § 605(e)(3)(C) of the Communications Act at issue here closely resemble the remedial sections of the Copyright Act, 17 U.S.C. § 504(c)(1)-(2). Section 504(c)(1)-(2) of the Copyright Act authorizes awards of statutory damages in an amount that "the court considers just" and allows the trial court to enhance those damages if "the court finds" the infringement willful. *Feltner*, 523 U.S. at 345 (quoting 17 U.S.C. § 504(c)(1) and (2)). Similarly, the Communications Act authorizes awards of statutory damages in an amount "the court considers just," 47 U.S.C. § 605(e)(3)(C)(i)(II), and permits the court to enhance those statutory damages if the violation was committed willfully. 47 U.S.C. § 605(e)(3)(C)(ii). The Supreme Court's analysis in *Feltner*, 523 U.S. at 348-49, makes clear that a Seventh Amendment right to trial by jury attaches to claims for statutory damages under the Communications Act to the same extent this constitutional safeguard applies when a plaintiff seeks statutory damages under the Copyright Act. *Feltner*, 523 U.S. at 355 ("we hold that the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself."); National Satellite Sports, Inc. v. Cotter's Lounge, 88 F.Supp.2d 1024, 1027 (E.D. Mo. 2000) ("Because the remedy that is sought by plaintiff in the present case [statutory damages under 47 U.S.C. §§ 553 and 605] is legal in nature, the defendant is entitled to a trial by jury under the Seventh Amendment."); J&J Sports Productions v. Jimenez, 2010 U.S. Dist. LEXIS

4

118222 at *8 (Nov. 8, 2010 S.D. Cal. 2010) (unpublished); J&J Sports Productions v. Live Oak County Post No. 6119 Veterans of Foreign Wars, 2009 U.S. Dist. LEXIS 42872 at *6 (May 20, 2009, S.D. Tex.) (unpublished) (collecting "competing case law" on whether defendant has jury trial right under 47 U.S.C. § 605(e)(3)(C) and siding with those courts which conclude defendant is entitled to jury trial).

Because the Coley Defendants are entitled under the Seventh Amendment to trial by jury on DIRECTV's claim for statutory damages, the defendant's Motion for Partial Summary Judgment on Statutory Damages should be denied in its entirety.

## II. THE COLEY DEFENDANTS AT MOST ARE POTENTIALLY LIABLE FOR A SINGLE VIOLATION OF 47 U.S.C. § 605(a).

In its Memorandum in Support of Motion for Partial Summary Judgment on Statutory Damages (Document 210), DIRECTV argues the Coley Defendants are liable for at least 2,561 violations of 47 U.S.C. § 605(a). (Def. Memo., pp. 9-11). DIRECTV arrives at this number by counting the number of residences or units that purportedly received DIRECTV's signal illicitly through the Coley Defendants' headend at Massanutten Resort.[1] DIRECTV cites no precedent in support of its misguided accounting, which leads inexorably to a windfall for the plaintiff and financial ruin for the Coley Defendants.

On page 54 of its Memorandum Opinion of July 11, 2013 (Document 203), the Court cited with approval DIRECTV, Inc. v. Webb, 545 F.3d 837 (9th Cir. 2008). Like the case at

---

[1] The Coley Defendants do not concede any of these units received DIRECTV illicitly. The Coley Defendants do not waive their previously stated position that they did not violate 47 U.S.C. § 605(a) or any other state and federal laws with respect to DIRECTV's signals at Massanutten Resort.

bar, *Webb*, 545 F.3d at 837, was a signal piracy suit brought by DIRECTV under both the Communications Act and the Wiretap Act, 18 U.S.C. §§ 2511-2521. Over an extended period (1,237 days) Webb committed signal piracy in violation of 47 U.S.C. § 605(a) and 18 U.S.C. §§ 2511-2512, as well as pirate access device modification and distribution in violation of 47 U.S.C. § 605(e)(4). The district court found Webb liable for a single act of unlawful signal reception under 47 U.S.C. § 605(a). For this single, longstanding violation of Section 605(a), the trial court awarded DIRECTV statutory damages of $1,000. The court imposed another $10,000 under 47 U.S.C. § 605(e)(4) for Webb's unlawful modification of a DIRECTV "access card" and $123,700 in statutory damages under the Wiretap Act. *Webb*, 545 F.3d at 842.

The United States Court of Appeals for the Ninth Circuit affirmed the district court's determination that Webb could only be held liable under 47 U.S.C. § 605(a) for one statutory violation. *Webb*, 545 F.3d at 853. While the offensive conduct continued for more than 3 ½ years, Webb was subject to no more than $10,000 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II). Webb could be held liable only for a single violation of 47 U.S.C. § 605(a) and a single violation of 18 U.S.C. § 2511(1)(a), the *Webb* Court held. *Webb*, 545 F.3d at 853. Under both 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1)(a), the court explained, a defendant's continuous interception of a satellite signal constitutes a single violation. *Webb*, 545 F.3d at 845 ("The district court found that Webb had one DTV hardware system in his possession. This system was capable of just one signal interception no matter how many devices Webb attached to it.").

The *Webb* Court's analysis undermines DIRECTV's argument that the Coley Defendants are liable for 2,561 violations of 47 U.S.C. § 605(a). The Coley Defendants used a single "headend" and a single cable infrastructure at Massanutten Resort to receive and transmit DIRECTV's satellite signal. DIRECTV ignores the adverse ruling it received in *Webb*, 545 F.3d at 845, and invites the Court to grossly overstate the number of statutory violations potentially at issue here under 47 U.S.C. § 605(a). At most the Coley Defendants are potentially liable for between $1,000 and $10,000 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)-subclause II. Whether the Coley Defendants could be held liable for additional damages under the Wiretap Act is not before the Court because DIRECTV elected to move for summary judgment only on its First Cause of Action.

## III. EVEN ASSUMING, ARGUENDO, THE COLEY DEFENDANTS ARE LIABLE FOR MULTIPLE VIOLATIONS OF 47 U.S.C. § 605(a), ANY DAMAGES AWARDED SHOULD REFLECT DIRECTV'S ACTUAL LOSSES.

If the Court rejects the Coley Defendants' theory that they are potentially liable for at most a single violation of 47 U.S.C. § 605(a), a jury trial is necessary to establish the precise number of violations and the amount of damages DIRECTV should recover. Even assuming, arguendo, the Coley Defendants committed multiple, independent violations of 47 U.S.C. § 605(a), rather than only one act of signal piracy, any jury award should approximate DIRECTV's actual losses at Massanutten Resort during the 18 month period between December 2009 and June 2011.

DIRECTV seeks a windfall of between $2,561,000 and $25,610,000, a range which bears no relationship to its actual losses. (DIRECTV Memo., p. 13).[2] DIRECTV encourages the Court to rely upon the Fourth Circuit's so-called *Nalley* factors (DIRECTV, pp. 7-11). These guidelines apply to statutory damage awards under the Wiretap Act. See <u>DIRECTV v. Rawlins</u>, 523 F.3d 318, 325 (4th Cir. 2008) (applying *Nalley* factors to damage provisions of the Wiretap Act). While the *Nalley* factors are instructive,[3] the Court should focus on the precise text and structure of 47 U.S.C. § 605(e)(3)(C). The Court, moreover, is constrained by DIRECTV's strategic stipulations that the Coley Defendants at most are liable for statutory damages – rather than enhanced damages – and that the period of liability runs from December 2009 until June 2011. As a result of these stipulations, DIRECTV should not be permitted to recover statutory damages in an amount that exceeds the low end of the applicable range under 47 U.S.C. § 605(e)(3)(C)(i).

Section 605(e)(3)(C) consists of two prongs. The first prong is primarily compensatory. The second is essentially punitive.

> . . . Damages awarded under 47 U.S.C. § 605 comprise two parts. First is a compensatory component, under which an aggrieved plaintiff may elect to recover either (i) actual damages or (ii) statutory damages, the latter of which shall be "not less than $1,000 or more than $10,000." 47 U.S.C. §

---

[2] DIRECTV claims the Coley Defendants are liable for 2,561 Section 605(a) violations. This figure improperly includes the 168 Massanutten units for which the Coley Defendants consistently paid DIRECTV for 12 years. Although it acknowledges receiving payment for the 168 units, DIRECTV nonetheless asks the Court to count these subscribers in calculating the Coley Defendants' statutory violations. (Def. Memo., p. 11).

[3] The *Nalley* factors are (1) the severity of the violation; (2) the degree of harm to the victim; (3) the relative financial burdens of the parties; and (4) the purposes to be served by imposing the statutory damages amount. *Rawlins*, 523 F.3d at 327 (citing <u>Nalley v. Nalley</u>, 53 F.3d 649 (4th Cir. 1995)).

> 605(e)(3)(C)(i)(I)-(II). Second is a punitive component, also called "enhanced damages," pursuant to which the Court "in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000" if a violation "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." Id. § 605(e)(3)(C)(ii). . . . Statutory damages under the first prong of § 605(e)(3)(C) are primarily designed to remedy the harm the plaintiff suffered from the defendant's unlawful access to its signal. . . . As for the "enhanced damages" prong of § 605(e)(3)(C), such damages are intended to punish willful violations of the law and deter similar misconduct in the future.

J & J Productions v. Cortes, 2012 U.S. Dist. LEXIS 86587 at *3-4 (June 22, 2012, D. Minn).

Because statutory damages under the first prong of Section 605(e)(3)(C) are primarily compensatory, an award pursuant to that prong should approximate or be based on the plaintiff's actual, out-of-pocket losses. Compensating the defendant for actual harm through an award of statutory damages is the overriding purpose served by this first prong. Punishing commercial pirates and deterring others through an award of enhanced damages is Congress' central reason for the second prong. J & J Sports v. Mumford, 2012 U.S. Dist. LEXIS 173357 at *6 (Dec. 6, 2012, D. Md.) ("given that enhanced damages are available to deter future violations, the court accepts the view that a statutory damages award should, as best as possible, approximate the plaintiff's actual damages."); see J & J Sports Productions v. Romenski, 845 F.Supp.2d 703, 707-08 (W.D. N.C. 2012) (reciting *Nalley* factors and observing "The primary purpose behind this provision [second prong of Section 605(e)(3)(C)] is to deter future violations."); see also J & J Sports Productions v. RBP, 2012 U.S. Dist. LEXIS 167999 at *11 (Nov. 27, 2012, D. Md.) ("If only statutory damages were awarded, there would be little to deter Defendants or other similarly situated businesses from risking future violations.").

Two stipulations or calculated waivers by DIRECTV circumscribe the amount of any damage awards that may be imposed against the Coley Defendants. First, DIRECTV for tactical reasons has waived the right to recover enhanced damages. (DIRECTV Memo., p. 3). As a result, only statutory damages under the first prong of Section 605(e)(3)(C) are in issue. Second, again for strategic reasons DIRECTV has conceded that the Coley Defendants are not liable for any Section 605(a) violations committed prior to December 14, 2009, i.e., more than two years prior to the date DIRECTV filed its cross-claim. (DIRECTV Memo., pp. 3; 6; 9).[4] DIRECTV's concession is consistent with the Fourth Circuit rule that a defendant who commits a continuing violation of a federal statute over a period of several years is shielded by the applicable statute of limitations from liability except " . . . for wrongful acts actually committed during the limitations period. . . ." Lyons Partnership v. Morris Costumes, 243 F.3d 789, 797 (4th Cir. 2001). The Coley Defendants' (purportedly) unauthorized use of DIRECTV's signal ended in June 2011. Therefore, the relevant period for consideration is the 18 months between December 2009 and June 2011.

Taken together, DIRECTV's two stipulations or waivers limit the Coley Defendants' potential liability to the low end of the statutory range under 47 U.S.C. § 605(e)(3)(C)(i)(II). At most, the Coley Defendants may be held liable for statutory damages under the first prong

---

[4] Randy Coley is potentially liable for Section 605(a) violations committed between December 14, 2009, and December 14, 2011. East Coast Cablevision, LLC, is potentially liable for Section 605(a) violations committed between August 2, 2010, and August 2, 2012. DIRECTV did not sue East Coast Cablevision, LLC, until August 2, 2012, when it filed an Amended Cross-Claim in which it added the limited liability company as a cross-claim defendant. (See Documents 125-128).

of Section 605(e)(3)(C). Statutory damages awarded by the jury should be rationally related to the actual losses DIRECTV sustained as a result of the Coley Defendants' alleged violations of Section 605(a) at Massanutten Resort between December 2009 and June 2011.

Genuine issues of material fact persist concerning DIRECTV's actual losses[5] at Massanutten Resort during the relevant, 18 month period. Asked to explain DIRECTV's actual losses, the company's Rule 30(b)(6) designee, Keith Waite of the company's Office of Signal Integrity, pointed only to the substantial spread between the Coley Defendants' gross revenues from Massanutten Resort and their payments for 168 subscriber units. Mr. Waite conceded that only an unspecified fraction of the subscriber fees DIRECTV receives from residential accounts such as Massanutten Resort consists of net profits. DIRECTV must pay its "content providers" (e.g., CNN and ESPN) out of those gross revenues. (K. Waite Dep., pp. 115-119, attached as Exhibit A). Because DIRECTV still has produced no evidence concerning its actual, net losses, summary judgment is inappropriate.

In its Memorandum in Support of Motion for Partial Summary Judgment, DIRECTV argues that its actual damages equal the gross revenues earned by the Coley Defendants between July 1999 and July 2011.

> Between July 1999 and July 2011, GERM has [sic] paid the Coley Defendants approximately $3,641,711.61, and MOVA paid them an additional $403,200. For the same time period, Coley paid DIRECTV $232,745.19. Thus, the simple "net" actual damages are **$3,812,166.42**.

---

[5] Assuming, arguendo, the Coley Defendants are potentially liable for more than a single section 605(a) violation, genuine issues of material fact also exist with respect to the exact number of those statutory violations.

11

(DIRECTV Memo., pp. 11-12) [emphasis in original; internal citations to summ. judg. record omitted].

This figure - $3,812,166 – does not reflect DIRECTV's actual losses during the relevant period of potential liability. DIRECTV is limited by its stipulation to recovering for the two year period prior to December 2011. The Coley Defendants' gross revenues between December 2009 and June 2011 were less than $600,000 and their net revenues substantially less.[6] In any event, DIRECTV would have had to pay commissions to its affiliated dealer (Sky Cable, LLC) for servicing the Massanutten Resort account and to "content providers" for programming. DIRECTV's actual losses thus are markedly less than $600,000. Any statutory damages award should be based on the plaintiff's actual losses during the relevant, 18 month timeframe rather than on the Coley Defendants' gross revenues dating back to 1999.

## Conclusion

For the foregoing reasons, DIRECTV, LLC's Motion for Partial Summary Judgment for Statutory Damages should be denied and this matter should be scheduled for trial by jury.

---

[6] The Coley Defendants expended approximately $150,000 in labor costs servicing Massanutten Resort account between December 18, 2009, and July 1, 2011. Copies of checks documenting payments to the Coley Defendants' contractors working at Massanutten Resort during this period were produced by the defense under cover of a letter dated December 4, 2012. The cover letter and relevant checks are attached as Exhibit B.

## Request for Hearing

Pursuant to the Court's Order of July 29, 2013 (Document 208), the Coley Defendants respectfully request oral argument on DIRECTV's Motion for Partial Summary Judgment for Statutory Damages and an evidentiary hearing on all issues related to damages.

                                        EAST COAST CABLEVISION, LLC,
                                      AND RANDY COLEY

                                      By:_____s/Paul G. Beers_____
                                                Of Counsel

Paul G. Beers (VSB # 26725)
Email: pbeers@gfdg.com
Jeremy E. Carroll (VSB # 41331)
Email: jcarroll@gfdg.com
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone (540) 224-8000
Facsimile (540) 224-8050

Counsel for East Coast Cablevision, LLC,
and Randy Coley

## Certificate of Service

I hereby certify that on September 4, 2013, I electronically filed the foregoing Defendants' Memorandum in Opposition to DIRECTV, LLC's Motion for Partial Summary Judgment for Statutory Damages with the Clerk of the Court using the CM/ECF system which will send notification of such filing to John H. Jamnback, Esq., Yarmuth Wilsdon PLLC, 818 Stewart Street, Suite 1400, Seattle, Washington 98101.

_____s/Paul G. Beers
Paul G. Beers
