# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| SKY CABLE, LLC, et al., | ) |
| Plaintiffs, | ) Civil Action No. 5:11cv00048 |
| v. | ) |
| | ) By: Michael F. Urbanski |
| RANDY COLEY, et al., | ) United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on DIRECTV, LLC's ("DIRECTV") motion for entry of judgment of minimum statutory damages for violations of the Communications Act, 47 U.S.C. § 605(a), found by the court in its rulings on July 11, 2013 and November 7, 2013. DIRECTV also seeks an award of prejudgment interest.

Cross-claim defendant Randy Coley and third party defendant East Coast Cablevision, LLC (collectively, "the Coley defendants") assert that they are entitled to have a jury determine whether they fall within the so-called safe harbor provision of § 605(e)(3)(C)(iii), authorizing the court, in its discretion, to reduce the award of damages to not less than $250. The Coley defendants also contend that an award of prejudgment interest is inappropriate.

The court agrees with DIRECTV on both issues. The text of § 605(e)(3)(C)(iii) makes it clear that the safe harbor exception is vested in the discretion of the court and is thus not an issue to be decided by a jury. Moreover, there is no evidence in this case to suggest that the Coley defendants fall within the safe harbor exception. For many years, the Coley defendants knowingly collected programming revenue from more than 2000 subscriber units at the

Massanutten Resort while reporting to DIRECTV the provision of service to only 168 units. The deception perpetrated by the Coley defendants is undisputed, and they have presented no evidence to suggest that they were not aware and had no reason to believe that their acts violated § 605. There is, in short, no evidence remotely suggesting that the Coley defendants fall within the safe harbor exception. As such, under the circumstances of this case, the court declines to exercise its discretion to reduce the damages award below the statutory minimum amount of damages sought by DIRECTV.

Further, the court will exercise its discretion to award prejudgment interest for the reasons set forth herein.

## I.

On July 11, 2013, the court granted summary judgment against the Coley defendants, finding that their underreporting scheme violated § 605(a). Memorandum Opinion and Order (Dkt. #s 203, 204). On November 7, 2013, the court found the evidence undisputed that the Coley defendants engaged in 2,393 violations. Memorandum Opinion and Order (Dkt. #s 213, 214). DIRECTV elected to recover statutory, rather than actual, damages, and the court concluded that the Coley defendants had a right to a jury trial on the issue of the amount of statutory damages to be awarded to DIRECTV within the range of $1,000 to $10,000 per violation. Following the Seventh Circuit's ruling in BMG Music v. Gonzalez, 430 F.3d 888, 892 (7th Cir. 2005), the court noted that "[s]hould DIRECTV choose to seek only the minimum amount of statutory damages – $1,000 per violation – there would be nothing left for a jury to decide, and summary judgment would be appropriate." Memorandum Opinion (Dkt. # 213), at 2 n.2.

On November 26, 2013, DIRECTV did just that, electing to seek only the minimum amount of statutory damages in the amount of $1,000 per violation. Motion for Judgment as a Matter of Law (Dkt. # 215). The Coley defendants filed an opposition brief, asking the court to reconsider its prior ruling and contending that "they are entitled to have a jury determine whether they qualify for the safe harbor in 47 U.S.C. § 605(e)(3)(C)(iii)." Defendants' Memorandum in Opposition (Dkt. # 217), at 3.

Neither the law nor the facts support the Coley defendants' position. The only case cited by defendants, Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340 (1998), does not hold that a statutory provision granting the court the discretion to reduce the award of damages to a nominal amount requires that the issue be submitted to a jury. Indeed, Feltner holds to the contrary. In Feltner, the Court held that no statutory right to jury trial exists where the statute references determination of damages within a range the court considers just. 523 U.S. at 346 ("The word 'court' in this context appears to mean judge, not jury."). To be sure, Feltner holds that the Sixth Amendment guarantees a right to have a jury determine the amount of damages within a statutory range. Consistent with Feltner, the court ruled that the Coley defendants had a right to have a jury fix the amount of damages within the statutory range set out in 47 U.S.C. § 605(e)(3)(C)(i)(II). As DIRECTV has elected to seek only the low end of the damages range set by Congress, there is nothing further in this case for a jury to decide. The Coley defendants cite no cases suggesting that the court's ability to reduce the damages award to a nominal level under § 605(e)(3)(C)(iii)'s safe harbor provision implicates the Sixth Amendment.

Moreover, there is no evidence to support application of the nominal damages safe harbor provision in this case. As exhaustively detailed in the court's July 11, 2013 summary judgment opinion, (Dkt. # 203), the Coley defendants paid for and were only authorized to provide

3

DIRECTV programming to 168 subscribers. Fully cognizant of that fact, over the course of many years, the Coley defendants provided DIRECTV programming to more than 2,000 unauthorized units at the Massanutten Resort. For these thousands of unauthorized units, the Coley defendants paid DIRECTV nothing. In a Rule 30(b)(6) deposition taken in connection with the bankruptcy proceedings of East Coast, Randy Coley testified that he knew the billings from DIRECTV were understated since 2004, yet he kept billing and collecting subscriber fees from more than 2,000 unauthorized customers until 2011. Jamnback Decl. (Dkt. # 166-8), Ex. 9 at 208. Plainly, Randy Coley's admission precludes any rational fact finder from concluding that he was not aware and had no reason to believe that his acts violated § 605(a).

The Coley defendants have offered no evidence to suggest that the safe harbor applies to them. In DIRECTV, Inc. v. Adkins, 320 F. Supp. 2d 474, 477 (W.D. Va. 2004), the court concluded that the "burden lies on the defendants to show that they had no reason to believe that their conduct was unlawful, not on DIRECTV to show the contrary." Id. (citing Don King Prods./Kingvision v. Lovato, No. C-95-2827 (TEH), 1996 WL 682006, at *2 (N.D. Cal. Nov. 15, 1996)). As the court in Joe Hand Promotions, Inc. v. D.M.B. Ventures, Inc., Civ. A. No. 93-2656, 1995 WL 683847 (E.D. La. Nov. 14, 1995), noted, the legislative history of the safe harbor provision reflects that a "[c]ourt should exercise this discretion only 'in those rare instances of ignorance of the law on the part of one adjudged to have violated it.'" Id. at *2 (quoting 130 Cong. Rec. 31,875 (Statement of Sen. R. Packwood), reprinted in 1984 USCCAN, at 4750-51).

As in Adkins, the Coley defendants "have provided no evidence to shed any light on their awareness or lack thereof as to the illegality of their conduct." 320 F. Supp. 2d at 477. This complete failure of proof by the Coley defendants, combined with the evidence submitted by DIRECTV as to the scope of the scheme and Randy Coley's awareness of the gross

underreporting of DIRECTV subscribers, provides no basis for the court, or for that matter, a jury, to conclude that the Coley defendants lacked knowledge of their violations. As the court concluded in Adkins, "[t]he evidence as a whole does not show that the defendants violated § 605[ ] without knowing that their conduct was unlawful, and a reduction of damages is therefore not appropriate." Id. In short, given the length and magnitude of the underreporting scheme perpetrated by the Coley defendants in this case and their failure to adduce any evidence to suggest a lack of knowledge on their part, an award of nominal damages under the safe harbor provision would be entirely inappropriate, and the court declines to exercise its discretion to do so.

Accordingly, given DIRECTV's election to claim the minimum amount of statutory damages, the court will enter judgment against Randy Coley and East Coast Cablevision LLC, joint and severally, in the amount of two million, three hundred ninety-three thousand dollars ($2,393,000.00).

## II.

DIRECTV asks the court to exercise its discretion to award prejudgment interest, noting the fact that the Coley defendants perpetrated their underreporting scheme over many years. Citing no authority, the Coley defendants argue that an award of prejudgment interest under state law is inappropriate because the judgment in this case concerns a violation of federal law and because such an award would constitute a windfall to DIRECTV.

While the Communications Act is silent on the issue of an award of prejudgment interest, it is clear that a federal court retains the discretion to award prejudgment interest. City of Milwaukee v. Cement Div., Nat'l Gypsum Co., 515 U.S. 189, 194 (1995) ("Although Congress has enacted a statute governing the award of postjudgment interest in federal court litigation, see

28 U.S.C. § 1961, there is no comparable legislation regarding prejudgment interest. Far from indicating a legislative determination that prejudgment interest should not be awarded, however, the absence of a statute merely indicates that the question is governed by traditional judge-made principles."); see also Quesinberry v. Life Ins. Co. of North America, 987 F.2d 1017, 1030 (4th Cir. 1993) ("ERISA does not specifically provide for pre-judgment interest, and absent a statutory mandate the award of pre-judgment interest is discretionary with the trial court."); Tatoo Art, Inc. v. TAT Intern., LLC, 794 F. Supp. 2d 634, 664 (E.D. Va. 2011) (analyzing cases and concluding that "an award of prejudgment interest is available in connection with plaintiff's copyright infringement claim.") (emphasis in original). In federal question jurisdiction cases such as this one, a district court "is not bound by the interest rate of the forum state in determining the rate of prejudgment interest, but it must use its discretion in setting the proper rate." United States v. Dollar Rent A Car Systems, Inc., 712 F.2d 938, 941 (4th Cir. 1983).

An award of prejudgment interest is appropriate in this case. For many years, the Coley defendants grossly underreported the number of DIRECTV subscribers at the Massanutten Resort, all the while collecting and keeping the unreported subscription revenues. Randy Coley testified that he knew of the unauthorized subscription fees reaped from some 2,000 of his customers since at least 2004, yet the Coley defendants did not forward any portion of these monies to DIRECTV. DIRECTV has elected to seek recovery of the minimum amount of statutory damages, chosen not to seek damages for a willful violation and limited its claim to the two years prior to the filing of its cross-claim. Given the length and magnitude of the Coley defendants' underreporting scheme, an award of prejudgment interest to DIRECTV is anything but a windfall. Indeed, given the length and scope of the deception perpetrated in this case, an

award of prejudgment interest is necessary to allow DIRECTV to recover a small portion of the monies it has long been due.

DIRECTV requests that the court impose an amount of prejudgment interest at the statutory rate of six percent set forth in Virginia Code § 6.2-302. The United States Code does not contain a similar statute setting a rate of prejudgment interest. However, it authorizes postjudgment interest at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment. 28 U.S.C. § 1961. This amount is a small fraction of the Virginia statutory rate, and as it is tied to the current Treasury bill rate, it more closely approximates "the rate that would compensate the plaintiff for the delay in recovering damages." Dollar Rent A Car Systems, 712 F.2d at 940 n.7 ("There is Fourth Circuit authority for the proposition that, in appropriate cases, the rate of prejudgment interest should be determined, not according to the legal rate provided by state statute, but at a rate that would compensate the plaintiff for delay in recovering damages."). In this case involving a violation of federal law, the court sees no reason not to apply the lower federal judgment rate of interest to DIRECTV's claim for prejudgment interest. Accordingly, the court will exercise its discretion to impose prejudgment interest at the federal judgment rate set forth in 28 U.S.C. § 1961 beginning two years prior to the filing of DIRECTV's cross-claim in this case, December 14, 2009, as well as postjudgment interest at the federal statutory rate.

## III.

Finally, in its motion, DIRECTV indicates that upon entry of judgment it will immediately file, with defendants' consent, a stipulation of dismissal of all claims against defendant Kimberli Coley and all remaining claims against the Coley defendants. Once that

stipulation of dismissal is filed, the court will enter a Final Order dismissing all remaining claims.

        An appropriate Order will be entered this day.

        Entered: January 23, 2014

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge