IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| SKY CABLE, LLC, et al., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:11cv00048 |
| v. | ) | |
| | ) | |
| RANDY COLEY, et al., | ) | |
| | ) | By: Michael F. Urbanski |
| Defendants. | ) | United States District Judge |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the court on the motion for sanctions (ECF No. 245) filed by judgment creditor DIRECTV LLC against judgment debtors Randy Coley, Resort Cable, LLC and East Coast Cablevision, LLC (collectively, the "Coley defendants"). For the reasons set forth below, DIRECTV's motion will be **GRANTED**, and the court will **AWARD** $5,285.00 in reasonable fees and expenses to DIRECTV.

**I.**

In January 2014, the court granted judgment in favor of DIRECTV against the Coley defendants in the amount of $2,393,000, plus interest, for violations of the Federal Communications Act, 47 U.S.C. § 605(a). ECF Nos. 219 & 220; see also ECF Nos. 203 & 204. In September 2014, the court awarded DIRECTV $236,013.85 in attorney's fees and costs under the fee-shifting provision of § 605(e)(3)(B)(iii). ECF Nos. 235 & 236. In aid of execution of the judgment, DIRECTV served discovery on the Coley defendants on December 9, 2014. When that discovery went unanswered, DIRECTV filed a motion to compel. ECF No. 243. By Order entered February 26, 2015, the court granted DIRECTV's motion, ordered the Coley defendants to respond to written discovery on or before March 26, 2015, and warned that failure to comply with the Order

may result in the imposition of sanctions.  ECF No. 244.  In connection with its motion to compel, DIRECTV also sought an award of fees and costs incurred in preparing the motion, pursuant to Federal Rule of Civil Procedure 37(a)(5).  The court ordered the Coley defendants to file any objection to DIRECTV's fee request on or before March 26th and directed DIRECTV to file a statement of fees and costs should no objection be received.  Id.

The Coley defendants did not respond to the written discovery by the court's deadline.  Nor did they file any objection to DIRECTV's fee request.  Thus, as directed, DIRECTV submitted a statement of fees and costs in the amount of $808.50.  ECF Nos. 247 & 248.  DIRECTV also filed a motion for sanctions and for finding of contempt, asking the court to hold a hearing to determine the appropriate sanctions for the Coley defendants' failure to comply with the February 26th Order.[1] ECF No. 245.  DIRECTV proposed three potential sanctions it claimed would be meaningful given the posture of the case:  (1) the court could reverse-pierce the corporate veil and find Its Thundertime LLC to be the "alter ego" of Randy Coley, rendering the LLC's holdings subject to the judgment;  (2) the court could direct Randy Coley to be deposed in the presence of a judicial officer and bring the requested financial records to the hearing; and/or (3) the court could require the Coley defendants to pay the reasonable expenses, including attorney's fees, caused by their violation of the court's Order.  Id.

The court issued a Show Cause Order on April 21, 2015, directing Randy Coley to appear before the court on May 15th on behalf of himself and his business entities, and show cause as to why he should not be held in contempt for failure to comply with the February 26th Order.  ECF

---

[1] It bears mention that the Coley defendants also failed to comply with the court's January 9, 2015 Order requiring East Coast Cablevision, LLC and Resort Cable, LLC to secure counsel on or before January 16, 2015.  ECF No. 241.  The court granted previous counsel's motion to withdraw in light of a written directive by the Coley defendants to cease representation.  As the court explained in its January 9th Order, however, a limited liability company can only appear before the court through a licensed attorney.  Id.  New counsel did not note an appearance in this case until June 2, 2015.  ECF Nos. 258, 259 & 260.

2

No. 249. Randy Coley did appear[2] at the May 15th hearing, representing that he was in the process of retaining counsel and insisting, inexplicably, that he had not received the discovery propounded by DIRECTV, the motion to compel, or the court's February 26th Order. Following the hearing, the court entered an Order requiring Mr. Coley to provide sworn responses to DIRECTV's written discovery requests on or before June 1, 2015, appear before United States Magistrate Judge Robert S. Ballou for a sworn deposition on June 16th, and have counsel note an appearance in this matter on or before June 1st. ECF No. 254. The court took DIRECTV's motion for sanctions and for finding of contempt under advisement. Id.

Counsel for the Coley defendants noted an appearance in this case on June 2, 2015, and Randy Coley appeared before Magistrate Judge Ballou for his deposition on June 16th as directed. By Order entered July 2, 2015, the parties were directed to inform the court as to whether the pending motion for sanctions required any further action. ECF No. 262. Both parties filed responses. See ECF Nos. 264 & 265. Unsurprisingly, each takes a different view of the issue.

The Coley defendants urge the court to dismiss the motion as moot. Blaming previous transgressions on a lack of counsel, the Coley defendants argue they have now retained counsel and fully complied with the directives contained in the court's May 15th Order. Specifically, they have responded to DIRECTV's written discovery requests, appeared for the June 16th sworn deposition, and produced a "trailer-load" of documents to DIRECTV. ECF No. 264. They further assert they stand ready to be deposed again if necessary. Id.

For its part, DIRECTV acknowledges that Randy Coley appeared for his June 16th deposition but claims he testified contrary to previous sworn testimony and discovery responses. DIRECTV further asserts that some of the documents produced by Mr. Coley appear to be fraudulent and back-dated. DIRECTV indicates that, based on the evidence it has received to date,

---

[2] Randy Coley appeared pro se, having failed to secure counsel on behalf of either himself or his business entities at that point.

3

it intends to ask the court in a forthcoming motion to reverse-pierce the corporate veil and allow DIRECTV to execute its judgment on Mr. Coley's LLCs, which it claims are his "personal piggy bank[s] [used] to fund his lifestyle." ECF No. 265, at 3. In any event, DIRECTV claims it does not require further assistance from the court in securing the Coley defendants' participation in the post-judgment discovery process. But DIRECTV continues to seek monetary sanctions as a result of the Coley defendants' failure fulfill their discovery obligations and comply with the court's Order. DIRECTV asks the court to award it a total of $5,813.50 in attorney's fees and costs: $808.50 incurred in preparing the motion to compel, pursuant to Rule 37(a)(5)(A), as well as $5,005.00 incurred in preparing the motion for sanctions, pursuant to Rule 37(b)(2)(C).

## II.

### A.

Rule 37(a)(5)(A) provides that if a motion to compel discovery responses is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Under this rule, sanctions are mandatory unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A); see Branch v. Bank of Am., No. PWG-11-3712, 2013 WL 1742012, at *2 (D. Md. Apr. 22, 2013).

DIRECTV filed a motion to compel in this case after the Coley defendants failed to respond to the discovery requests served by mail on December 9, 2014. The court granted DIRECTV's motion by Order entered February 26, 2015. Thus, the court must award monetary sanctions unless one of the three exceptions set forth in Rule 37(a)(5)(A) applies.

4

DIRECTV represents that prior to filing the motion to compel, counsel contacted Randy Coley on January 16, 2015, at the email address provided to the Clerk, see ECF No. 241 (ordering counsel to provide the Clerk with Randy Coley's mailing and email addresses), in an attempt to "meet and confer" and resolve the issue without further court intervention. Mr. Coley did not respond to DIRECTV's email. See ECF No. 243, at 1. As DIRECTV complied with the requirements of Rule 37(a)(1), the first exception set forth in Rule 37(a)(5)(A)(i) does not apply.

Nor does the second exception. "A party satisfies the 'substantially justified' standard 'if there is a genuine dispute as to proper resolution or if a reasonable person could think [that the failure to produce discovery is] correct, that is, if it has a reasonable basis in law and fact.'" Branch, 2013 WL 1742012, at *3 (quoting Decision Insights, Inc. v. Sentia Grp., Inc., 311 F. App'x 586, 599 (4th Cir. 2009)). The Coley defendants have provided no explanation for their failure to cooperate in the discovery process, other than to say they were "impeded by a lack of counsel of record." ECF No. 264, at 2. But at the time the discovery was served on December 9, 2014, the Coley defendants were represented by counsel. Counsel moved to withdraw on December 23, 2014 after the Coley defendants indicated they no longer desired counsel's services and refused to provide counsel with assistance necessary to continue representation. ECF No. 237. The court permitted counsel to withdraw on January 9, 2015 and directed Randy Coley to secure new counsel on behalf of East Coast Cablevision, LLC and Resort Cable, LLC on or before January 16, 2015. He failed to do so. In fact, new counsel did not note an appearance in this case for nearly six months, until June 2, 2015. The Coley defendants' decision to stop cooperating with prior counsel and failure to timely secure new counsel does not serve as "substantial justification" for evasion of their discovery obligations.

Finally, an award of reasonable expenses is not unjust under the circumstances presented in this case. The Coley defendants have long exhibited a pattern of recalcitrance and purposeful delay

5

in this and related cases filed in this court.  See, e.g., Case No. 5:11cv00123, ECF No. 115, at 9 (Feb. 25, 2015) (detailing the history of the Coley defendants' recalcitrance).  Their failure to cooperate in the post-judgment discovery process is yet another instance in which the Coley defendants have tried to evade their obligations to this court.  The fact that they produced the requested discovery responses and appeared for a court-ordered deposition some six months after the discovery requests were initially served does not make a sanctions award unjust.

Finding no applicable exception to the rule, and having given the Coley defendants an opportunity to be heard, see ECF Nos. 244, 247, 262, 264, the court must follow the dictates of Rule 37(a)(5)(A) and order the Coley defendants to pay DIRECTV's reasonable expenses in preparing the motion to compel in this case.  In a declaration submitted in support of its fee request, DIRECTV attests counsel spent 2.1 hours attempting to meet and confer with Mr. Coley and preparing the motion to compel, at an hourly rate of $385, for a total of $808.50.  ECF No. 248.  The magistrate judge previously determined that a reasonable hourly billing rate for this case is $350 per hour.  ECF No. 235; see ECF No. 236 (adopting report and recommendation without objection); see also Broccoli v. Echostar Commc'ns Corp., 229 F.R.D. 506, 512 (D. Md. 2005) ("The lodestar method is the appropriate starting point for a court's initial estimate of reasonable attorney's fees, whether pursuant to fee-shifting statutes or Rule 37 sanctions.").  As such, the court will reduce the hourly rate to $350 and award DIRECTV its reasonable fees and expenses in the amount of $735.00.

**B.**

DIRECTV also seeks, pursuant to Rule 37(b)(2)(C), $5,005.00 in fees and expenses incurred as a result of the Coley defendants' failure to comply with the court's February 26, 2015 Order.  The rule provides:

> (C) *Payment of Expenses.* Instead of or in addition to the [sanctions] orders above, the court must order the disobedient party, the

6

Case 5:11-cv-00048-MFU   Document 268   Filed 08/12/15   Page 6 of 7   Pageid#: 4247

> attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with a discovery order], unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Id. As discussed above, the Coley defendants' failure to comply with the court's February 26th Order was not substantially justified, and there are no circumstances that make an award of expenses unjust in this case. Thus, the rule requires the court to order the Coley defendants to pay the reasonable expenses incurred by DIRECTV as a result of the Coley defendants' failure to comply with the discovery order. This failure forced DIRECTV to file a motion for sanctions and supporting documentation. ECF Nos. 245 & 246. DIRECTV argues, and the court agrees, that "[t]he motion for sanctions was a substantive, nine-page motion supported by a sizable factual record." ECF No. 265, at 4. DIRECTV asserts that counsel spent 13 hours preparing the motion at a billing rate of $385, for a total of $5,005.00. Reducing the hourly rate to $350, in line with what the magistrate judge determined to be an appropriate billing rate for this case, the court will award DIRECTV its reasonable expenses of $4,550.00, pursuant to Rule 37(b)(2)(C).

### III.

Accordingly, DIRECTV's motion for sanctions (ECF No. 245) will be **GRANTED** and the Coley defendants will be **ORDERED** to pay DIRECTV's reasonable fees and expenses in the amount of $5,285.00.

An appropriate Order will be entered.

Entered: August 12, 2015

/s/ *Michael F. Urbanski*

Michael F. Urbanski
United States District Judge