IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

**SKY CABLE, LLC, et. al.,**    )
        **Plaintiffs,**    )
            )
**v.**    )
            )  Civil Action No.: 5:11cv48
**RANDY COLEY, et al.,**    )
            )
        **Defendants.**    )

### REPORT AND RECOMMENDATION

Judgment Creditor and Appellee DIRECTV, LLC, ("DIRECTV") moved under Fed. R. App. P. 7 for an order requiring Appellants Randy Coley, Kimberli Coley, Its Thundertime, LLC, and South Raleigh Air, LLC (collectively, "the Coley Parties") to file a $75,000.00 cost bond to ensure payment of DIRECTV's taxable costs and fees in connection with the appeals filed by the Coley Parties. Dkt. No. 337. The Coley Parties assert that a Rule 7 cost bond is not warranted or appropriate and that if a bond is ordered, it should not include DIRECTV's anticipated attorneys' fees on appeal. I **RECOMMEND GRANTING** DIRECTV's motion and directing the Coley Parties to post an appeal bond under Rule 7 for both taxable costs and attorneys' fees, in the amount of $75,000.00.

        **I.**        **PROCEDURAL HISTORY**

The underlying facts of this case have been detailed in numerous opinions issued by the court over the course of the litigation. Briefly, Randy Coley and East Coast Cablevision, LLC, violated the Federal Communications Act, 47 U.S.C. § 605(a) ("FCA"), by collecting programming revenue for over a decade from more than 2,000 subscriber units at Massanutten Resort but reporting to DIRECTV that it provided service to only 168 units. Randy Coley and

1

East Coast Cablevision, LLC pocketed approximately $38,000.00 in unauthorized subscriber fees per month.  On January 23, 2014, the court entered judgment in favor of DIRECTV against Randy Coley and East Coast Cablevision, LLC, jointly and severally, in the amount of $2,393,000, with interest, along with attorney's fees and costs of $236,013.85. Dkt. Nos. 220, 236.  Neither Randy Coley nor East Coast Cablevision, LLC appealed this judgment.

DIRECTV began collection efforts on its judgment, but the Coley Parties routinely failed to participate in post-trial discovery and comply with discovery requests DIRECTV served under the Federal Rules. The court ordered Randy Coley to respond to written discovery (Dkt. No. 244), directed two of the limited liability companies associated with Randy Coley to obtain counsel (Dkt. No. 241), required Randy Coley to appear before the court and show cause why he should not be held in contempt for failure to comply with the court's orders (Dkt. No. 249), and awarded monetary sanctions against Randy Coley, Resort Cable, LLC and East Coast Cablevision, LLC, for failure to comply with the court's orders. Dkt. No. 268.

DIRECTV's collection efforts against Randy Coley and East Coast Cablevision, LLC were of no avail. It then sought to reverse-pierce the corporate veil of three limited liability companies owned by Randy Coley, thus subjecting the assets of those companies to the judgment in this case.  On July 18, 2016, the court reverse-pierced the corporate veil of two limited liability companies owned by Randy Coley—Its Thundertime, LLC and South Raleigh Air, LLC— and finding these companies liable for the judgment entered against Randy Coley and East Coast Cablevision, LLC. Dkt. No. 298.

The court detailed the consistent refusal of the Coley Parties to comply with various legal obligations, including failures to cooperate with post-judgment discovery, secure counsel when ordered by the court, comply with the terms of a settlement agreement reached in a bankruptcy

proceeding arising out of the underlying facts of this case, and abide by the discovery rules in DIRECTV's efforts to collect on the judgment. The court held Randy Coley in contempt, and twice issue monetary sanctions against the Coley Parties. The court summed up the significant failures of the Coley Parties as follows: "[t]he facts of this case are egregious and warrant the extraordinary relief sought by DIRECTV. Justice requires a finding that Randy Coley is the alter ego of his sham corporate entities. Additionally, given Coley's history of deception and efforts to evade judgment, a receivership is appropriate in this case." Dkt. No. 298, p. 1–2. The court found that "[t]here could not be a more appropriate set of circumstances justifying application of the reverse veil-piercing theory than those presented [here]." Dkt. No. 298, p. 27. The court entered an Amended Judgment Order, adding It's Thundertime and South Raleigh Air, LLC as co-judgment debtors and entering judgment against the Coley Parties, jointly and severally, in the amount of $2,393,000, with pre-and post-judgment interest, costs, attorneys' fees, and monetary sanctions. Dkt. No. 300. The court also appointed a receiver to control the Coley Parties' assets and oversee satisfaction of the judgment. Dkt. No. 300.

      The Coley Parties appealed the court's orders reverse-piercing the corporate veil, appointing a receiver and amending its judgment.[1] Dkt. Nos. 314, 317, 319, 328. On October 19, 2016, DIRECTV filed a motion seeking an appeal bond under Rule 7 (Dkt. No. 337), asserting that if the Coley Parties are unsuccessful on appeal, their obligation to pay DIRECTV's appellate costs will simply be added to the nearly $3 million dollars in unpaid judgments, interest and attorneys' fees and costs that they currently owe DIRECTV. Dkt. No. 337, p. 5.

---

[1] The Coley Parties filed five separate notices of appeal, which have been consolidated by the Fourth Circuit. Dkt. No. 333.

## II.   ANALYSIS

Federal Rule of Appellate Procedure 7 provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  This rule ensures that the appellant, if unsuccessful on appeal, can pay the "costs on appeal" incurred by his opponent. See 16A Charles A. Wright et al., Federal Practice & Procedure § 3953 (4th ed. 2008).  The district court retains jurisdiction during the pendency of an appeal to order Rule 7 bonds. See Venen v. Sweet, 758 F.2d 117, 120–21 n.2 (3d Cir. 1985); See also Page v. A.H. Robins Co. Inc., 85 F.R.D. 139, 140 (E.D. Va. 1980) ("Rule 7 leaves the question of whether a bond should be imposed, and if so, the amount of the bond, to the sound discretion of the district court.").

Three factors guide my determination of whether a bond should be imposed under Rule 7: (1) the appellant's financial ability to post the bond; (2) whether the appeal is frivolous; and (3) whether the appellant has engaged in vexatious or bad faith conduct.[2] See In re Merck & Co., Inc., No. 05-1151 (SRC), 2016 WL 4820620, at *1 (D.N.J. Sept. 14, 2016); In re Gen. Elec. Co. Sec. Litig., 998 F. Supp. 2d 145, 153 (S.D.N.Y. 2014); Adsani v. Miller, 139 F.3d 67, 76–79 (2d Cir. 1998). Applying these factors to the instant case, it is apparent that an appeal bond is warranted.

As to the first factor, the Coley Parties have the financial ability to post the bond. Randy Coley represents that co-judgment debtor Its Thundertime, LLC owns properties valued collectively at over $3 million dollars.  See Dkt. No. 342.  Regarding the second factor, I

---

[2] DIRECTV suggests that the court use a different three part test, whether (1) appellant's claim is of dubious merit; (2) appellant lacks financial responsibility; and (3) appellee will incur substantial expense." Dkt. No. 337. This test has been used within the Fourth Circuit to evaluate the imposition of cost bonds to cover expenses during the pendency of trial. See Mould v. NJG Food Serv. Inc., No. JKB–13–1305, 2013 WL 6531778, at *1 (D. Md. Dec. 11, 2013) (citing Soo Hardwoods, Inc. v. Universal Oil Products Co., 493 F.Supp. 76, 77 (W.D. Mich. 1980)).  I find the three factor test used by other circuit courts to determine cost bonds on appeal more appropriate in this case. However, both tests are substantially similar and would counsel in favor of the imposition of a Rule 7 cost bond in this case.

acknowledge that the Coley Parties' appeals are not "frivolous" as they involve the impact of an unsettled question under Delaware law on the court's rulings regarding post-judgment collection. No doubt, the Coley Parties are entitled to exercise their right of appeal; however, I am not blind to the fact that these appeals are yet another one of the many tools the Coley Parties have used to avoid payment of the underlying judgment.  As to the third factor, there is no question that the Coley Parties have engaged in vexatious or bad faith conduct, and have been sanctioned repeatedly for such conduct by this court.  This court previously found that "Randy Coley has engaged in deception and utter disregard for the judicial process," and that, "Randy Coley will go to any lengths to serve his interests to the detriment of opposing parties and contrary to the interests of justice." Dkt. No. 298, p. 37.  Randy Coley asserts that an appeal bond is not warranted here because the court's order directing all of the judgment debtors to maintain their financial status quo guarantees payment of DIRECTV's appellate costs should DIRECTV prevail on appeal. The Coley defendants have a proven history of objecting to and/or simply ignoring the orders of the court.  Thus, I find that an appeal bond is warranted in this case.

The proper amount of the appeal bond presents a more difficult issue - whether the bond should include DIRECTV's anticipated attorneys' fees on appeal. DIRECTV seeks an appeal bond of $75,000, with $2,250 in straight forward appellate costs, and $72,750 in attorneys' fees. The Coley Parties assert that it is improper to include attorneys' fees in a simple cost bond, and indeed, a circuit split exists on this issue which the Fourth Circuit has not addressed. The majority of circuits find that a Rule 7 bond may include appellate attorneys' fees if the applicable statute underlying the litigation contains a fee-shifting provision that includes attorney's fees in its definition of recoverable costs. See Adsani v. Miller, 139 F.3d 67 (2d Cir. 1998); Pedraza v. United Guar. Corp., 313 F.3d 1323 (11th Cir. 2002); In re Cardizem CD Antitrust Litig., 391

F.3d 812 (6th Cir. 2004); Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950 (9th Cir. 2007); Int'l Floor Crafts, Inc. v. Dziemit, 420 F. App'x 6 (1st Cir. 2011).

The First, Second, Sixth, Ninth and Eleventh Circuits have found that "costs on appeal" under Rule 7 are not limited solely to the costs taxable on appeal under Fed. R. Civ. P. 39. but include all expenses defined as "costs" by the underlying statute in each case, including attorneys' fees if applicable. See Azizian, 499 F.3d at 958. Rule 39 provides guidelines for assessing costs on appeal, and section (e) provides a list of costs taxable on appeal in the district court, including (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal. Rule 39 does not provide for attorneys' fees as one of the taxable "costs." In Adsani, the Second Circuit explained that Rule 39 does not define the term "costs," as it is used in the Federal Rules of Appellate Procedure. Instead, the rule defines the circumstances under which costs should be awarded on appeal. 139 F.3d at 74–75. Thus, the majority of circuits hold that Rule 7 "costs" include "all costs properly awardable under the relevant substantive statute or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of [the] Rule." Id. at 72 (applying the Court's discussion of Fed. R. Civ. P. 68 in Marek v. Chesny, 473 U.S. 1, 9 (1985), to Rule 7). The "purpose of Rule 7 appears to be to protect the rights of appellees brought into appeals courts," such that it is neither "bizarre [n]or anomalous for the amount of the bond to track the amount the appellee stands to have reimbursed." Id. at 75.

The minority view, set forth by the Third Circuit and D.C. Circuit, is that Rule 7 does not include attorney's fees, because such fees are not included as taxable "costs" set forth under Rule 39. See In re American President Lines, Inc., 779 F.2d 714, 716 (D.C. Cir. 1985); Hirschensohn

v. Lawyers Title Ins. Corp., No. 96-7312, 1997 WL 307777, at *1–*2 (3d Cir. 1997). The First, Second, Sixth, Ninth and Eleventh Circuits rejected this interpretation of the interplay of Rules 7 and 39. These courts distinguished the minority view cases because the appeal in those cases did not involve a federal statute authorizing an award of attorneys' fees. See Adsani, 139 F.3d at 73–74; Pedraza, 313 F.3d at 1330; Int'l Floor Crafts, Inc., 420 Fed. App'x at 19. I find the analysis of the majority position persuasive and more likely to be adopted by the Fourth Circuit.[3]

Thus, the appeal bond may include DIRECTV's anticipated attorneys' fees on appeal if the underlying statute in the litigation provides for such fees in its definition of recoverable costs and DIRECTV is eligible to recover them. I find that the FCA provides for an award of attorneys' fees in its definition of recoverable costs, and that DIRECTV is eligible to recover attorneys' fees under the FCA for efforts related to post-judgment collection and appeal.

The FCA states that the court "shall direct the recovery of full costs, including awarding reasonable attorney's fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). This is exactly the type of fee-shifting language that the majority view interprets as allowing attorneys' fees as part of "costs" covered by an appeal bond. Compare In re Cardizem CD Antritrust Litig., 391 F.3d at 817 (including attorneys' fees in appeal bond where underlying statute provided for an award of "any damages incurred, including reasonable attorney's fees and costs") with Pedraza, 313 F.3d at 1334 (declining to include attorneys' fees in appeal bond where the underlying statute provided for award of "costs of the action *together with* reasonable

---

[3] Notably, in Andrews v. America's Living Centers, LLC, 827 F.3d 306 (4th Cir. 2016), the Court held that the "costs" provided for by Federal Rule of Civil Procedure 41(d) may include an award of attorneys' fees "only where the underlying statute provides for attorneys' fees." Id. at 311. The Court's analysis of when attorneys' fees are included as "costs" aligns with the majority view of the circuit courts in the Rule 7 context, finding that the "costs" provided for by Rule 7 may include attorneys' fees where such recovery is authorized by the text of the underlying statute. Likewise, both Rule 41(d) and Rule 7 are designed to serve as a deterrent to vexatious litigation. Id. at 310. Based upon the analysis in Andrews, it appears likely that the Fourth Circuit would follow the majority view in allowing attorneys' fees under a Rule 7 bond when the applicable underlying statute provides for recovery of attorneys' fees.

attorneys fees," finding that the words "together with" are substantively and critically different from the phrase "as part of").

The Coley Parties try to limit the inquiry of the "applicable underlying statute" not to the FCA, but to 6 Del. Code §18–703, the statute which the court used to court reverse-pierce the corporate veil of Randy Coley's limited liability companies. This Delaware statute provides the guidelines for when a court may pierce the veil of a limited liability company, and does not contain a fee-shifting provision. The Coley Parties assert that violations of the FCA are "irrelevant to this appeal" because they did not appeal the initial judgment against Randy Coley and East Coast Cablevision, LLC, but only appealed the remedies DIRECTV pursued to enforce its judgment. The Coley Parties argue that it is the statute relied upon in pursuit of those remedies that should control whether attorneys' fees are an appropriate cost under the appeal bond. Dkt. No. 142, p. 8. I find that attorneys' fees incurred in post-judgment collection efforts, including defending an appeal, are recoverable in an FCA case. Therefore, I reject the Coley Parties argument to exclude attorney's fees because the focus of the appeal is the Delaware statute and not the underlying judgment under the FCA.

Several district courts have awarded or contemplated awarding attorneys' fees under the FCA for post-judgment collection and appeal proceedings. See <u>Joe Hand Promotions, Inc., v. Crowder</u>, No. 2:13-cv-00260, 2013 WL 12033212, at *1 (W.D. Tenn. Oct. 17, 2013) (awarding reasonable attorneys' fees for post-trial and appellate services under the FCA if Defendants fail to voluntarily pay the judgment); <u>G&G Closed Circuit Events, LLC, v. CCDI, Inc.</u>, No. H-13-1735, 2014 WL 1775519, at *2 (S.D. Tex. May 2, 2014) (awarding conditional attorneys' fees for collection of a judgment and/or appeal under the FCA); <u>Innovative Sports Mgmt., Inc. v. Mazatlan Enterprises, LLC</u>, No. A13-CA-785-SS, 2014 WL 808075, at *3 (W.D. Tex. Feb. 28,

2014) (declining to make a contingent award for post-judgment or appellate attorneys' fees, but entertaining such request if necessary in the future.)  Further, federal courts routinely award attorneys' fees for post-judgment collection efforts under other similar fee-shifting statutes. See Dotson v. Chester, 937 F.2d 920 (4th Cir. 1991) (awarding attorneys' fees for collection efforts under the Civil Rights Attorney's Fees Awards Act); Shaw v. AAA Eng'g & Drafting, Inc., 213 F.3d 538, 544-45 (10th Cir. 2000) (awarding such fees under the False Claims Act); Free v. Briody, 793 F.2d 807 (7th Cir. 1986) (awarding such fees under ERISA); Van Dyke v. BTS Container Serv., Inc., No. CIV. 08-561-KI, 2010 WL 56109, at *1 (D. Or. Jan. 4, 2010) (awarding such fees under the Fair Labor Standards Act); Brinn v. Tidewater Transp. Dist. Comm'n, 113 F. Supp. 2d 935, 938 (E.D. Va. 2000) (awarding such fees under the Americans with Disabilities Act).

In Free v. Briody, 793 F.2d 807 (7th Cir. 1986), the court held that ERISA authorized an award of attorneys' fees incurred to collect a judgment rendered under ERISA, finding "no technical objection to fitting such an award under the statute …. Nothing on the face of the statute, or in its history or purpose, suggests that the only legal efforts that can be compensated by an award of fees are those that precede the judgment, and not those incurred afterward to make the judgment a reality." Id. at 808.  The court noted, "the entry of judgment is not the end of the litigation; in this case, it may not even be the beginning of the end.  It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal." Id. at 809.  Likewise, the entry of judgment under the FCA against Randy Coley and East Coast Cablevision, LLC, was far from the end of this litigation.  Throughout the post-judgment proceedings, Randy Coley purposefully avoided payment of the judgment, and two of his corporations were found to be "shams" and their assets

9

subject to the underlying FCA judgment.  Thus, the court may well find it appropriate under the FCA to award DIRECTV its attorneys' fees incurred while defending these appeals.

I find that DIRECTV may recover attorneys' fees under the FCA for its appeal efforts and that its anticipated fees are properly included in a Rule 7 appeal bond.  This conclusion is consistent with the purpose of a Rule 7 bond to "protect the rights of appellees brought into appeals courts." In re General Elec. Co. Sec. Litig., 998 F. Supp. 2d at 151 (citing Adsani, 139 F.3d at 72).

I further find that the amount of the bond sought by DIRECTV is reasonable, with $2,250 to cover costs for brief and appendices reproduction and binding and delivery and travel, and $72,750 in attorneys' fees for a total of $75,000 to cover anticipated fees and costs for the five consolidated appeals.  I am mindful that in setting the proper amount for a Rule 7 bond courts must not "create an impermissible barrier to appeal." Id.  The $75,000 bond sought by DIRECTV pales in comparison to the amounts owed to DIRECTV by the Coley defendants, and based upon the representations of the Coley defendants in briefing this issue, such a bond does not present a barrier to maintaining their appeal.

### III.     CONCLUSION

For the foregoing reasons I **RECOMMEND GRANTING** DIRECTV's Motion to Require Judgment Debtor/Appellants to Provide a Cost Bond, (Dkt. No. 337) and setting a bond under Rule 7 of the Federal Rules of Appellate Procedure in the amount of $75,000. The Clerk is directed to transmit the record in this case to Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact

or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

                                        Entered:  December 2, 2016

                                        *Robert S. Ballou*

                                        Robert S. Ballou
                                        United States Magistrate Judge